GUY, J.,
dissenting.
The court’s conclusion is largely predicated on the following:
Consequently, we are persuaded by Petitioner’s argument that nothing in the regulations, or the interpretive documents, would inform Petitioner that it must assess a resident’s capability of operating or using a piece of tangible property, such as a recliner that also has *505 a lifting feature, prior to permitting the resident’s' family members to provide the resident with that piece of property for the resident’s comfort.
The “piece of tangible property” that was used here was an electrically powered recliner that could be used to help raise the chair’s occupant to a standing position. The only purpose of such a device is to enable the chair’s occupant to get out of the chair unassisted and move about. Here the chair’s occupant was not capable of walking unassisted. If the proper assessment had been made and it was determined that the individual in question could not walk unassisted, it follows that such a mechanical assist device should not have been allowed.
In reply to our request for additional briefing, the respondent replied on this issue:
A skilled nursing facility is required to make an assessment of a resident’s use of or capability of operating a device prior to the resident being provided with access to that device.
Pursuant to the Medicare statute a skilled nursing facility must provide each resident with a comprehensive, accurate, standardized, and reproducible assessment of the resident’s functional capacity. 42 U.S.C. § 1395i — 3(b)(3)(A); 42 C.F.R. § 483.20. The Secretary has interpreted this provision to include a requirement that a facility assess a resident’s ability to use an assistive device safely. The State Operations Manual (“SOM”)[ ] indicates that for a facility to comply with section 483.20(b), it must assess the risks that a device may pose to a resident and not just the device’s intended purpose. The Secretary opined that facilities should, therefore, employ a “common sense” approach in evaluating their duty to conduct a comprehensive assessment, providing the broadest and most complete assessment possible. Id. To insure the resident is not harmed, the resident’s functional capacity and limitations, and ability to use a device safely, should be assessed prior to the resident being provided with access to the device.
I conclude that substantial evidence supports the decision of the DAB, and I would deny the petition for review.